Dawn M. Knepper CA Bar No. 208862
dawn.knepper@ogletreedeakins.com
Angela Pak CA Bar No. 240177
angela.pak@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

Attorneys for Defendant STONELEDGE FURNITURE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA SIMMONS,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>STONELEDGE FURNITURE LLC; AND DOES 1-20, INCLUSIVE,<br><br>　　　　Defendant | Case No. 2:14-cv-09810<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT STONELEDGE FURNITURE LLC**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Civil Cover Sheet; Declarations of Troy Muller and Angela Pak; Request for Judicial Notice; Notice of Related Cases; Certification of Interested Parties; and Disclosure Statement]*<br><br>Action Filed: November 10, 2014<br>Trial Date: None set |

**TO THE UNITED STATES DISTRICT OF CALIFORNIA, CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to United States Code, Title 28, Sections 1332, 1441 and 1446, Defendant Stoneledge Furniture LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, as there is complete diversity of citizenship between the parties.  This removal is based on the following grounds: (1) there is complete diversity of citizenship between Plaintiff Erica Simmons ("Plaintiff"), a citizen of the State of California, on one hand, and Defendant, citizen of the State of Wisconsin, on the other hand; (2) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (3) this removal petition is timely filed.

The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

**I.   THE STATE COURT ACTION**

1.   On November 10, 2014, Plaintiff filed the instant action against Defendant in the Superior Court of California, County of Los Angeles, entitled *Erica Simmons vs. Stoneledge Furniture LLC; and Does 1 through 20*, Case No. YC070216.

2.   On November 25, 2014, Plaintiff served the Summons, Notice of Case Management Conference, Complaint, Civil Case Cover Sheet, Case Civil Sheet Addendum and Statement of Location, by personal service on the Defendant. Attached hereto as Exhibits "A" through "E" are true and correct copies of the Summons Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum

1  and Statement of Location, and Notice of Case Management Conference served on
2  Defendant.

3      3.    The Complaint asserts the following causes of action: (1) Disability
4  Discrimination in Violation of the Fair Employment Housing Act ("FEHA"); (2)
5  Failure to Prevent Disability Discrimination in Violation of the FEHA; (3) Wrongful
6  Termination in Violation of Public Policy; (4) Failure to Provide Reasonable
7  Accommodation in violation of the FEHA; and (5) Failure to Engage in the
8  Interactive Process in violation of the FEHA.

9      4.    On December 22, 2014, Defendant filed and served its Answer to
10 Plaintiff's Complaint with the Superior Court of California, County of Los Angeles.
11 Attached hereto as Exhibit "F" is a true and correct copy of Defendant's Answer to
12 Plaintiff's Complaint.

## II.  SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

14     5.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders,
15 and other papers received by Defendant are filed and served concurrently herewith as
16 follows:

17     a.   Exhibit "A": Summons, Complaint, Civil Case Cover Sheet, Civil Case
18         Sheet Addendum and Statement of Location, and Notice of Case
19         Management Conference.

20     b.   Exhibit "B": Defendant's Answer to Plaintiff's Complaint.

21     6.    As required by 28 U.S.C. §1446(d), Defendant will provide notice of
22 this removal to Plaintiff through her attorney of record.

23     7.    As required by 28 U.S.C. §1446(d), a copy of the original Notice of
24 Removal will be filed with the Superior Court of the State of California, for the
25 County of Los Angeles.

26     8.    A defendant in a civil action has thirty (30) days from the date it is
27 validly served with a summons and complaint to remove the action to federal court.
28 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall

be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

9. As set forth more fully in paragraph 2, personal service of the Summons and Complaint on Defendant was effective on November 25, 2014. Therefore, removal is timely, as the action is being removed within 30 days after the Summons and Complaint was deemed served. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

10. In accordance with United States Code, Title 28, Section 1441(a), this notice of removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California, Western Division. 28 U.S.C. § 84(c)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. No previous application has been made for the relief requested in this removal.

### III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(a) because it is a civil action between citizens of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### A. Complete Diversity Exists Between the Parties

13. This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441, in that Plaintiff is, and was at the time the Complaint was filed, a citizen of California and Defendant was not a citizen of California at the time the Complaint was filed nor as of this removal.

### 1. Plaintiff Is a Citizen of California

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is and was domiciled in California because she did and does reside there and a preponderance of the evidence demonstrates that she intended and intends to stay in California. Plaintiff set forth in the Complaint that she was a California resident at the time the Complaint was filed. (*See* Compl., ¶ 1.) Plaintiff also worked in Hawthorne, California, from December 3, 2012 through June 27, 2013. (*See* Declaration of Troy Muller ("Muller Decl."), ¶¶ 10, 11.) According to Plaintiff's employment records, all home addresses Plaintiff furnished to AFI during her term of employment were in California. (*See* Muller Decl., ¶ 11.)

15. The preponderance of this evidence demonstrates that at the time the Complaint was filed and as of this removal, Plaintiff not only resided in California but was also domiciled there. Therefore, Plaintiff is a citizen of California.

### 2. Defendant Is a Citizen of Wisconsin

16. Defendant is a limited liability company. (*See* Muller Decl., ¶ 5.) The citizenship of a limited liability company for purposes of the diversity jurisdiction is the citizenship of its members. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. The sole member of Defendant is, and was at all times relevant to this action, Ashley Furniture Industries, Inc. ("AFI"). (*See* Muller Decl., ¶ 5.) Accordingly, Defendant's citizenship depends on the citizenship of AFI.

18. AFI is a corporation. (*See* Muller Decl., ¶ 6.) Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's

principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-93. The court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*. at 93; *see also Montrose Chem. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

19. AFI is, and was at all times relevant to this action, a corporation formed under the laws of the State of Wisconsin. (*See* Muller Decl., ¶ 6.)

20. AFI's corporate headquarters are, and were at all times relevant to this action, located in Arcadia, Wisconsin. (*See* Muller Decl., ¶ 6.)

21. AFI's principal place of business is, and was at all times relevant to this action, in Arcadia, Wisconsin, as AFI performs the vast majority of its executive and administrative functions, including operations management, human resources, finance, information technology, distribution operations, legal, sales and marketing functions, at its corporate headquarters located in Arcadia, Wisconsin. (*See* Muller Decl., ¶ 6.)

22. AFI's executive management personnel, as well as its primary management operations, are located in Arcadia, Wisconsin. The corporate officers direct, control and coordinate AFI's activities from Arcadia, Wisconsin. The books and records relating to matters that are directed, controlled, and coordinated from

AFI's corporate headquarters are maintained at the corporate headquarters in Arcadia, Wisconsin. (*See* Muller Decl., ¶ 7.)

23. Most of the corporate-wide decisions relating to AFI are made from Arcadia, including decisions regarding corporate policy, decisions regarding the purchase, financing and leasing of real properties, legal decisions, significant decisions regarding contracts and other purchasing, decisions regarding AFI's press releases and public affairs, decisions regarding banking relationships and cash management accounts, decisions regarding payroll, decisions regarding revenue management, decisions regarding safety and security policy-making, and policy decisions regarding advertising and marketing. (*See* Muller Decl., ¶ 8.)

24. Based on the above facts, AFI is, and was at all times relevant to this action, a citizen of the State of Wisconsin.

25. Therefore, Defendant is also a citizen of the state of Wisconsin.

### 3. The Citizenship of the Doe Defendants Is Irrelevant

26. "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of DOES 1 through 20 in the Complaint cannot defeat diversity jurisdiction.

27. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a) because Plaintiff is, and was at all times relevant to this action, a citizen of California and Defendant is, and was at all times relevant to this action, a citizen of Wisconsin.

As a result, complete diversity between Defendant and Plaintiff exists now, and did exist, at the time the Complaint was filed.

## B. The Amount in Controversy Exceeds an Aggregate of $75,000

28. This Court has original jurisdiction over the case pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a), on the basis that the amount in controversy currently exceeds, and at the time of filing exceeded, the requisite $75,000 minimum, exclusive of interest and costs, pursuant to the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories.

29. The Court may rely on the Notice of Removal to establish the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)-(B).

30. The Court may also, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

31. Here, Plaintiff seeks damages for substantial loss of earnings or "loss of salary" (Complaint, ¶¶ 20, 27, 33, 41, 47, and Prayer for Relief ¶ 4), loss of other employment benefits and job opportunities (Complaint, ¶¶ 20, 33, 41, 47), emotional distress (Complaint, ¶¶ 20, 28, 34, 41, 47), medical expenses and related items of expense (Complaint, Prayer for Relief ¶ 3), punitive and exemplary damages (Complaint, ¶¶ 21, 35, 42, 48 and Prayer for Relief ¶ 7), costs of suit (Complaint ¶¶

22, 29, 43, 49, and Prayer for Relief ¶ 8), attorneys' fees (Complaint ¶¶ 22, 29, 43 and Prayer for Relief ¶ 5), and prejudgment interest (Complaint ¶¶ 27, 33, Prayer for Relief ¶ 9).

32. Plaintiff's Complaint also expressly states that the value of the case is in excess of $25,000.00. (Complaint, Cover Sheet.)

33. Plaintiff's Complaint does not allege a damage amount as to each claim. However, the failure of the Complaint to specify the total amount of damages sought does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) ("The defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy … otherwise … any Plaintiff could avoid removal simply by declining … to place a specific dollar value upon its claim."). Therefore, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Based on Plaintiff's allegations, the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs.

34. Based on a conservative good-faith estimate of the value of the claims in this action, if Plaintiff prevails on her causes of action and recovers the damages that she seeks for each claim, Plaintiff will recover over $75,000. At the time of Plaintiff's discharge on June 27, 2012, Plaintiff worked as a Sales Associate and earned her wages based on commission. At a minimum, Plaintiff was to earn earned $12.01 per hour. (Muller Decl., ¶ 10.) However, under her agreement with Defendant for commission-based compensation, Plaintiff earned a monthly average of $2,139.55.[1] (*See* Muller Decl., ¶ 10.) Thus, without mitigation, Plaintiff could seek a minimum of $2,139.55 in economic damages per month.

---

[1] Plaintiff started working for Defendant in December 2012. In December 2012, Plaintiff earned $1,840.93. In January 2013, Plaintiff earned $2,033.35. In February

35. The total number of months from June 27, 2013, the date of Plaintiff's termination, to December 23, 2014 (*i.e.* the date of removal) is approximately 18 months. Therefore, without even considering other special damages, general damages or punitive damages, Plaintiff's total alleged lost wages from the date of her termination to the date of this removal is approximately $38,511.90 (*i.e.* [18 months multiplied by $2,139.55 per month = $38,511.90]). *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

36. Based on the 2014 Judicial Caseload Profile for the Central District of California, the median time from filing in federal court to trial in a civil case is 21.3 months.[2] (*See* Declaration of Angela Pak, ¶ 3, Exh. A.) Multiplying the average monthly rate of $2,139.55 by 21.3 equates to $45,572.42. By the time this case is resolved at trial, likely around September 2016 (21.3 months from the date the lawsuit was removed to federal court, and approximately 27 months since Plaintiff's termination), Plaintiff's total unmitigated lost wages could amount to approximately $84,084.32.

37. Furthermore, the damages for disability discrimination, failure to engage in the interactive process, and wrongful termination in violation of Public Policy under the FEHA include not only lost wages, but also lost future earnings due to impaired earning capacity resulting from a discriminatory discharge, compensation for lost fringe benefits such as the cost of continuing insurance

---

2013, Plaintiff earned $1,667.91. In March 2013, Plaintiff earned $2,775.70. In April 2013, Plaintiff earned $2,379.84. Plaintiff went on leave on May 3, 2014. Taking the total of the amounts earned during the five months and dividing it by five, Plaintiff earned a monthly average of $2,139.55.

[2] Defendant request that the Court take judicial notice of these facts pursuant to Fed. R. Evid. 201.

1 coverage and benefits equal to the cost of coverage under the prior employer and the value of vacation and sick days Plaintiff would have received, if any. Plaintiff's claim for future lost wages is undefined at present, but in similar cases, the complaining party often seeks to recover at least two years of future lost wages. *See, e.g., Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000). Here, two years of front pay at Plaintiff's monthly average earnings is approximately $51,349.20.

38. Accordingly, the amount of lost earnings in controversy could amount to at least **$135,433.52**. This alone is sufficient to establish the amount in controversy.

39. Additionally, Plaintiff has pled for the recovery of punitive damages to deter and punish the alleged unlawful conduct. (*See* Complaint, ¶¶ 27, 41 and 5, and Prayer ¶ 10.) The potential for a punitive damages award alone satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the

prerequisite for diversity jurisdiction). Accordingly, Plaintiff's request for punitive damages must be considered for removal purposes.

40. Plaintiff's Complaint also asserts that as a result of Defendant's conduct, Plaintiff has suffered "severe mental anguish" and "emotional distress." (*See* Complaint, ¶¶ 20, 34, 41, and 47.)

41. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy required to establish diversity jurisdiction). In fact, in cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the removing party does not estimate the exact dollar amount of such damages. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfied the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim that contains a prayer for a "lengthy list of compensatory and punitive damages," including, loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, is sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction). Thus, when considering the potential amount of all damages sought by Plaintiff, it easily becomes "more likely than not" that the amount at issue in this

lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).[3]

42. Finally, Plaintiff also seeks attorneys' fees for her claims under the FEHA, which are available to her pursuant to Government Code section 12965(b) if she prevails. (*See* Complaint, Prayer, ¶ 5.) When authorized by statute or contract, attorneys' fee claims are also properly considered in determining the amount in controversy. *Kroske*, *supra*, 432 F.3d at 980; *Galt G/S*, *supra*, 142 F.3d at 1155-56. Adding the potential damages for attorneys' fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction); *Jellinek v. Advance Prods. & Sys., Inc.*, No. 10cv1226 JM(WMC), 2010 U.S. Dist. LEXIS 88331 *4-5 (S.D. Cal. Aug. 24, 2010) (holding that in light of litigation realities "it was 'facially apparent" that the amount in controversy had likely been met where the plaintiff sought monetary damages for wrongful termination, compensatory and punitive damages, and attorney's fees).

43. As demonstrated above, numerous cumulative bases exist to establish that the damages sought by Plaintiff exceed the Court's jurisdictional minimum. As the preponderance of the evidence demonstrates that the alleged damages far exceed this Court's jurisdictional limit of $75,000, and as the parties are of diverse citizenship, removal is proper.

---

[3] By estimating the amounts Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

## IV. CONCLUSION

44. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

45. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

46. Accordingly, Defendant hereby removes the above-entitled action to this Court.

DATED: December 23, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Angela Pak
Dawn M. Knepper
Angela Pak

ATTORNEYS FOR DEFENDANT STONELEDGE FURNITURE LLC